United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TOMLINSON,<br>　　　　　Plaintiff,<br>　　v.<br>INTUIT INC.,<br>　　　　　Defendant. | Case No. 18-cv-00325 NC<br><br>**ORDER TO SHOW CAUSE REGARDING ADMINISTRATIVE MOTION TO SEAL PORTIONS OF NOTICE OF REMOVAL**<br><br>Re: Dkt. Nos. 1, 3 |

Defendant Intuit Inc. seeks to seal portions of its notice of removal because the amount in controversy is derived from an amount provided in plaintiff Tomlinson's demand letter. Dkt. No. 3 at 2. Intuit also seeks to seal the demand letter itself. Plaintiff Tomlinson has taken no position on this administrative motion as far as the Court knows.

Federal courts have long recognized a common law right of access to inspect various judicial documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This common law right creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Civil Local Rule 79-5(b) provides: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." A party seeking to seal a document must "articulate[ ] compelling reasons supported by specific factual findings,

Case No. 18-cv-00325 NC

1   that outweigh the general history of access and the public policies favoring disclosure. . . ."
2   *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal
3   citations and quotation marks omitted).

First, the Court agrees with Intuit that a settlement letter may be used to establish the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. . . . This [letter] is sufficient to establish the amount in controversy."). However, the Court disagrees with Intuit that the "good cause" standard for documents attached to non-dispositive motions is appropriate here. Because the notice of removal refers to the amount in controversy, which is required in order for this case to be before the Court on the grounds of diversity jurisdiction, the Court considers that this information should only be sealed for "compelling reasons." *Kamakana*, 447 F.3d at 1178-79. Indeed, the amount in controversy is incorporated by reference into the complaint because Tomlinson requests actual damages, treble damages, and attorneys' fees. Dkt. No. 1 at 16. Thus, it seems to the Court that the amount in controversy is a significant issue, which will in part determine whether this case should be in federal court. Moreover, Intuit does not distinguish between the settlement letter, which may be sealable, and the numbers provided in the notice of removal, which likely are not. *See* Fed. R. Evid. 408.

Tomlinson must file a response to this order to show cause explaining whether and why the Court should seal (1) the numbers provided in the notice of removal and (2) the settlement letter. Tomlinson's response must be filed with the Court by February 20, 2018. If Tomlinson does not respond, the Court will deny the motion to seal.

**IT IS SO ORDERED.**

Dated: February 13, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 18-cv-00325 NC          2